# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Ronald A. Guzman |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2703 | **DATE** | 8/27/2004 |
| **CASE TITLE** | USA vs. CARMELO ZANFEI, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' emergency motion to quash third-party subpoenas or, in the alternative, issue a protective order is granted in part and denied in part.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 2004 AUG 27 PM 3:16 | | |
| | CG courtroom deputy's initials | FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Ronald A. Guzmán |
| v. | ) | |
| | ) | 04 C 2703 |
| CARMELO ZANFEI; WILLIAM P. CROUSE, JR.; PARADIGM SOLUTIONS GROUP, LLC; and SUPERIOR SOLUTIONS GROUP, INC., | ) ) ) ) | DOCKETED AUG 3 0 2004 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Emergency Motion to Quash Third-Party Subpoenas or, in the Alternative, Issue a Protective Order. This Court previously denied Defendants' motion to quash and now grants in part Defendants' alternative motion for a protective order.

Having heard the parties' arguments at an emergency hearing held on August 24, 2004 and having read the parties' proposed protective orders and their letter objections, the Court enters the following temporary protective order:

1.  All documents and other discovery materials produced to the United States by a Non-Party pursuant to the subpoenas that are attached as Exhibit A to Defendants' emergency motion (collectively referred to as "Discovery Materials"), which are designated as "Confidential" pursuant to Paragraph 3 below, shall not be disclosed or disseminated by the United States or its agents to any third parties, except as set forth in Paragraph 4.

2.  The United States shall provide a copy of Discovery Materials to Defendants' counsel, Edward Hannon, within fifteen business days of the United States' receipt of them.

Defendants agree to reimburse the United States for the cost of copying and delivering the Discovery Materials at its standard rates.

3. Defendants may designate as "Confidential" Discovery Materials containing confidential and/or proprietary information, including trade secrets, product development, customer information, or other commercially sensitive information, so long as those documents have not been previously disclosed to the public and have been otherwise maintained as confidential. Defendants will stamp a "Confidential" legend on documents designated as confidential and shall notify the United States of any such designation within fifteen business days of Defendants' receipt of the Discovery Materials so designated. Where only portions of Discovery Materials contain confidential information, the confidential information should be redacted; the entire document must not be designated as "Confidential."

4. Except as may be otherwise agreed to by the parties, or ordered by the Court, disclosure by the United States of "Confidential" Discovery Materials, or the information contained therein, shall be limited to the United States' counsel, counsels' legal and clerical assistants, the Court and Court personnel, actual and prospective witness, and/or consultants or experts retained by the United States or counsel as may be reasonably necessary in the United States' prosecution of this action. Counsel for the United States shall advise all persons to whom confidential Discovery Materials are disclosed pursuant to this paragraph of the existence of this Order, and persons to whom disclosure is made (other than counsel and their legal and clerical assistants, the Court, and Court personnel), shall agree in writing to be bound by this Order by signing an acknowledgment in the form submitted as Exhibit A to Defendants' Proposed Protective Order.

5. The United States shall not file any Discovery Materials designated as "Confidential" with the Court except in a sealed envelope containing the appropriate court caption and marked "Confidential Discovery Material – Sealed Pursuant to Court Order." Entire pleadings must not be filed under seal.

6. This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties, and their agents and employees, and all persons who have disclosure of Discovery Materials pursuant to the terms hereof.

7. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is in fact confidential or proprietary. This Order shall be without prejudice to the right of the parties to bring before the Court the question of whether any particular document or information is confidential. However, no motion shall be presented unless the movant has first conferred with the opposing party in a good faith effort to resolve the dispute. To the extent any dispute arises over whether information is in fact confidential or proprietary, the burden of proving the confidential or proprietary nature of the information shall be borne by Defendants.

8. As soon as is practicable, Defendants shall present a renewed motion for a protective order before Judge Gottschall, who may then amend, vacate, or adopt this Temporary Protective Order as necessary after a full hearing or any other proceeding she may require.

SO ORDERED.    DATE: 8/27/04

ENTERED: *Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge

3