IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARMELO ZANFEI, WILLIAM P. ) <br> CROUSE, JR., PARADIGM ) <br> SOLUTIONS GROUP, LLC, and ) <br> SUPERIOR SOLUTIONS GROUP, ) <br> INC., ) <br> ) <br> Defendants. ) <br>———————————————————— <br> PARADIGM SOLUTIONS GROUP, ) <br> LLC, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Counter-Defendant. ) | Case No. 04 C 2703 <br><br> Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

The United States filed suit against four defendants, including Paradigm Solutions Group, LLC ("Paradigm"), seeking an injunction to prevent the defendants from organizing and selling what the United States terms "abusive tax shelters." Paradigm answered and counterclaimed, seeking a declaratory judgment that these "tax shelters" are lawful. The United States now seeks to dismiss Paradigm's counterclaim on three theories: 1) the claim

is barred by the doctrine of sovereign immunity; 2) the claim is barred by the tax exception to the Declaratory Judgment Act; and 3) the claim is unnecessary and inappropriate because it raises the identical claims raised in the complaint. For the reasons set forth herein, this Court grants the United States' motion to dismiss Paradigm's counterclaim.

## I. BACKGROUND FACTS

On April 15, 2004, the United States brought a complaint ("Compl.") against four defendants, including Paradigm, pursuant to §§ 7402(a) and 7408 of the Internal Revenue Code. 26 U.S.C. §§ 7402(a), 7408. The United States seeks to enjoin the defendants from organizing, promoting, marketing, or selling abusive tax shelters that allegedly assist customers in evading the assessment or collection of their federal tax liabilities. Compl. ¶ 1. In particular, the United States seeks to enjoin the defendants from promoting and selling two tax plans called the "Health Incentive Plan" and the "HealthIER Plan" (collectively, "the Plans"). Compl. ¶ 13.

The government alleges that the Plans caused the defendants' customer-employees to underreport and underpay federal employment taxes by excluding from taxable wages amounts paid to employees as medical expense "reimbursements" for expenses that have not been incurred. The government asserts that amounts paid under the Plans are not "reimbursements" within the meaning of I.R.C. § 105 (Compl. ¶14-15); the Plans cause employers to reimburse employees regardless of whether the employees have incurred medical expenses (*id.* ¶ 15); these reimbursements are disguised wages that allow customer-

employees to fraudulently underreport wages paid on their federal employment tax returns (*id.*); and these Plans violate I.R.C. § 6700 (*id.* ¶ 1). The United States seeks a finding that the defendants have engaged in conduct subject to penalty under I.R.C. §§ 6700 and 6701 and an injunction under I.R.C. § 7408 prohibiting defendants from organizing, promoting, marketing, or selling the Plans and requiring the defendants to notify all persons who purchased the Plans of the Court's findings. Compl. pp. 12-16.

Paradigm answered the complaint ("Answ.") and counterclaimed for declaratory judgment. Essentially, Paradigm requests this Court to declare that the Health Incentive Plan and the HealthIER Plan do not violate the Internal Revenue Code. Specifically, Paradigm requests this Court to declare that: the HealthIER Plan constitutes a self-insured medical reimbursement plan as defined under I.R.C. § 105(h)(6) and meets the definition of an accident and health plan under I.R.C. § 105(e); the HealthIER Plan reimburses participating employees solely for eligible medical care as defined in I.R.C. § 213(d); the HealthIER Plan does not violate Rev. Rul. 2002-3 or Rev. Rul. 2002-80; employer reimbursements to participating employees under the HealthIER Plan for eligible medical care are excluded from income; and the promotion and sale of the HealthIER Plan does not constitute engaging in an activity subject to penalty under I.R.C. § 6700. Answ. pp. 21-23.

The United States now moves to dismiss Paradigm's counterclaim. With respect to this motion, the parties have consented to a magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## II. DISCUSSION

Paradigm's counterclaim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

By the creation of this Act, "Congress sought to place a remedial arrow in the district court's quiver." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). However, "the Declaratory Judgment Act was an authorization, not a command." *Public Affairs Assocs Inc. v. Rickover*, 369 U.S. 111, 112 (1962). A district court has discretion to grant or deny an action seeking declaratory judgment. *Wilton*, 515 U.S. at 288. Thus, if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action. *Id.* In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *Id.*

Although the parties in this case have focused their arguments on whether the United States has waived its sovereign immunity as to Paradigm's counterclaim, it is unnecessary for this Court to reach that particular issue. Instead, this Court determines that declaratory

4

judgment would be an inappropriate remedy in this case because 1) such a ruling would be repetitious and unnecessary and 2) such a ruling is prohibited by the federal tax exception found within the Declaratory Judgment Act.

A. **DECLARATORY JUDGMENT WOULD BE REPETITIOUS AND UNNECESSARY**

On its face, the Declaratory Judgment Act confers discretion: a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court describes the Act as "an enabling act, which confers a discretion upon the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 (*quoting Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). When considering whether to grant a declaratory judgment, the court should consider matters of practicality and wise judicial administration. *See id.* at 288. While courts should not be reluctant in granting declaratory relief, they must be alert to avoid imposition of their jurisdiction through obtaining futile or premature interventions, especially in the field of public law. *Wycoff*, 344 U.S. at 246.[1]

The Court's imposition of a declaratory judgment in this matter would be futile because Paradigm's counterclaim is repetitious and unnecessary: it merely restates an issue already before this Court. "It is well settled that such repetitious and unnecessary pleadings

---

[1]For instance, declaratory judgments should generally not be used to prejudge issues that are committed for initial decision to an administrative body or special tribunal. *Wycoff*, 344 U.S. at 241.

5

should be stricken." *Rayman v. Peoples Savings Corp.*, 735 F.Supp. 842, 851-52 (N.D. Ill. 1990) (quoting *Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc.*, 362 F.Supp. 78, 82 (N.D. Ill. 1973)). For example, in *Green Bay Packaging*, the plaintiff sought a judgment declaring it was not liable to defendant for certain commissions on sales of the plaintiff's products. *Green Bay Packaging*, 362 F.Supp. at 80-81. In its counterclaim, the defendant sought declaratory judgment for, among other things, a ruling on the identical issue as the plaintiff had asserted in his complaint but with the opposite effect. *Id.* The district judge, now Seventh Circuit Judge William J. Bauer, granted the plaintiff's motion to dismiss portions of the counterclaim because they "merely restate an issue already before this Court." *Id.* at 82.[2]

In the case at bar, by Paradigm's own admission, its counterclaim is "essentially identical" to the government's complaint except that it seeks the opposite effect. The United States seeks to have the Court decide that Paradigm's Plans are illegal; Paradigm is now

---

[2] The Seventh Circuit has also said:
> The label "counterclaim" has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label....When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else. The original complaint brought the dispute into court, and the parties to that complaint are parties to each aspect of the imbroglio.

*Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985).

6

asking this Court to declare that the Plans are legal. Considering matters of practicality and of wise judicial administration, Paradigm's counterclaim for declaratory is unnecessary and improper.

## B. THE FEDERAL TAX EXCEPTION TO THE DECLARATORY JUDGMENT ACT SPECIFICALLY PROHIBITS PARADIGM'S CLAIM

Even if this Court wished to exercise its discretion to issue a declaratory judgment in this situation, it would be specifically prohibited from doing so by the Declaratory Judgment Act. 28 U.S.C. § 2201. The Act confers jurisdiction upon any court of the United States to declare the rights and legal relations of any interested party seeking such a declaration. *Id.* at 2201(a). However, the Declaratory Judgment Act contains certain exceptions, including the "tax exception." As stated above, the Act clearly provides that a judge may enter a declaratory judgment "except with respect to Federal taxes." 28 U.S.C. § 2201; *see also Commercial Nat'l Bank of Chi. v. Demos*, 18 F. 3d 485, 490 (7th Cir. 1994) ("[T]he Declaratory Judgment Act...precludes a suit to declare a party's rights with respect to tax issues.").

The Supreme Court has recognized that the purpose of preventing federal courts from rendering judgments with respect to federal taxes is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974) (discussing the Anti-Injunction Act) (*quoting Enochs v. Williams Packing & Navigation Co.*,

7

370 U.S. 1, 7 (1962). This "congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments." *Bob Jones*, 416 U.S. 732 n. 7. As stated in the Senate Report accompanying the enactment of the tax exception clause:

> Your committee has added an amendment making it clear that the Federal Declaratory Judgments Act of June 14, 1934, has no application to Federal taxes. The application of the Declaratory Judgments Act to taxes would constitute a radical departure from the long-continued policy of Congress... with respect to the determination, assessment and collection of taxes. Your committee believes that the orderly and prompt determination and collection of Federal Taxes should not be interfered with by a procedure [the Declaratory Judgment Act] designed to facilitate the settlement of private controversies, and the existing procedure both in the Board of Tax Appeals and the courts affords ample remedies for the correction of tax errors.

S. Rep. No. 74-1240, at 11 (1935).

Paradigm is asking this Court to declare that the Health Incentive Plan and the HealthIER Plan do not violate internal revenue laws. On its face, such a declaration is directly prohibited by the Declaratory Judgment Act. Paradigm argues the tax exception should not be read so broadly; it argues that the tax exception has been interpreted by some courts to refer only to suits seeking to restrain or prevent the collection or assessment of any tax.[3] However, even if this is true, Paradigm's counterclaim appears to be seeking exactly

---

[3] Paradigm cites *Church of Scientology v. Egger*, 539 F.Supp. 491, 494 (D.C. 1982) and *Joslin v. Sec. of Dep't of Treasury*, 616 F.Supp.1023, 1025-26 (D. Utah 1985) for the rule that the federal tax exception of the Declaratory Judgment Act only bars declaratory relief sought for the purpose of restraining the assessment or collection of any tax.

8

what this narrower definition of the tax exception prohibits: Paradigm is seeking to prevent the assessment of a federal tax. If this Court were to declare that Paradigm's scheme was lawful according to tax laws, it would be preventing the assessment of federal taxes. Paradigm's counterclaim is therefore barred by the federal tax exception to the Declaratory Judgment Act.

### III. CONCLUSION

Declaratory Judgment would be an inappropriate remedy in this case because such a ruling would be repetitious and unnecessary and because such a ruling is prohibited by the federal tax exception to the Declaratory Judgment Act. Therefore, **this Court grants the United States' motion to dismiss Paradigm's counterclaim for declaratory judgment.**

**SO ORDERED THIS 20th DAY OF JANUARY, 2005.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

| | |
|---|---|
| Ann Reid | Lane M. Gensburg |
| Stephanie Page | Dale & Gensburg, P.C. |
| Trial Attorneys, Tax Division | 155 North Wacker - Suite 720 |
| U.S. Department of Justice | Chicago, Illinois 60606 |
| Post Office Box 7238 | |
| Ben Franklin Station | Ed Hannon |
| Washington, D.C. 20044 | Hannon, Roop & Hutton, P.C. |
| | 320 North Main Street, Suite 600 |
| | Indianapolis, Indiana 46204 |
| Counsel for Plaintiff | Counsel for Defendant |